UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JUDITH MAY,

                Plaintiff,

          -against-

MAYOR OF NEW YORK CITY, BILL de BLASIO,

                Defendant.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

17-CV-761 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

On February 7, 2017, the Court received a *pro se* submission from Judith May purporting to be a "Criminal Complaint" against Bill de Blasio, the Mayor of New York City. May's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

Plaintiff's submission is entitled "Criminal Complaint," and alleges that Mayor de Blasio, "a member of organized crime – the Mafia," gave jobs in the New York State court system to individuals "with no education or experience as clerks of the court" because they too are "member[s] of organized crime – the Mafia." (Compl. at 1.) It further alleges that "clerks hide files, submit false trial transcripts, write letters and sign the chief clerks [sic.] name to the letters." (*Id.*) In support of these claims, May alleges that she "has had many negative experiences" with the New York State court system, including clerks refusing to tell May where files were located, adverse rulings by judges (which May alleges were "forged" by the clerks), missing transcripts, and prolonged delays in the adjudication of legal proceedings. (Compl. at 2-3.) She attaches copies of correspondence with Paul Kenny, Chief Clerk of the Appellate Term of the Supreme

Court of the State of New York. The correspondence purports to document May's efforts to obtain an expedited appeal of legal proceedings in New York state court.

May also asserts in her "Criminal Complaint" that "Plaintiff had a trip and fall accident in 2011 against the City of New York", and that the City's lawyers "are members of organized crime." (Compl. at 4.)

May seeks as relief to "have her cases heard in a court of law, promptly," and also seeks damages in each of these cases, which she does not identify. (*Id.*) In addition, Plaintiff seeks $1,000,000 in punitive damages "or whatever the court deems fair and just." (*Id.*)

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a

complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *accord Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). Federal subject matter jurisdiction is available when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## DISCUSSION

### I. Plaintiff Cannot Prosecute a Criminal Action

Plaintiff's complaint is labeled a "criminal complaint." However, private citizens like May do not have the power to prosecute alleged crimes. The decision to prosecute a person for an alleged violation of a federal criminal statute is left to the discretion of the federal law enforcement agencies, such as the United States Attorney's Office. *See United States v. Armstrong,* 517 U.S. 456, 464 (1996) (the decision whether or not to prosecute, and what charge to file or bring before a grand jury rests entirely in the prosecutor's discretion); *Leeke v. Timmerman,* 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). Furthermore, this Court may not compel the prosecuting authorities to commence an

investigation or prosecution of Mayor de Blasio or any other individual. *Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990).

## II. The Court Construes Plaintiff's Filing as a Civil Complaint

In light of May's status as a *pro se* litigant, the Court construes the complaint as a civil complaint seeking money damages. However, the Court finds no basis for subject matter jurisdiction over May's claims. She has not asserted the violation of any provision of the United States Criminal Code that includes an express or implied private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference). Nor has she alleged that the named defendant, Mayor de Blasio, is directly responsible for any violation of her constitutional rights under 42 U.S.C. § 1983. As May presents no other basis for federal jurisdiction over her claims, the complaint must be dismissed for lack of subject matter jurisdiction.

The Court also finds that May has failed to state a plausible claim for relief. Read in the light most favorable to May, the complaint appears to accuse certain clerks and judges in the New York State court system of failing to promptly and fairly adjudicate various lawsuits because, according to the complaint, they are "member[s] of organized crime – the Mafia." The complaint does not plead any facts to suggest that May's experience in the New York State court system is the result of anything more than the ordinary, lawful functioning of that system. Indeed, other than the assertion that Mayor de Blasio and certain unspecified clerks are "members of organized crime – the Mafia," the complaint does not identify any basis from which this Court can infer a violation of May's rights—let alone a violation that could be remedied in federal court. Thus, Plaintiff's complaint also must be dismissed for failing to state a claim.

## **CONCLUSION**

For the reasons set forth above, the complaint is dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       February 28, 2017